IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01940-PAB-STV

SALAM AZIZ,

     Plaintiff,

v.

THE ADAMS COUNTY POLICE DEPARTMENT,

     Defendant.
_____

**ORDER**
_____

     This matter is before the Court on plaintiff's Motion for Reconsideration [Docket No. 20]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

     Plaintiff filed his Complaint [Docket No. 1] on September 8, 2015. Docket No. 1. On the same day, plaintiff filed a letter [Docket No. 4] indicating that he would be out of the country for three months beginning in January 2016. Docket No. 4. In the letter, plaintiff requested that the court not schedule any proceedings during that time. *Id.* On December 3, 2015, Magistrate Judge Craig B. Shaffer issued a Minute Order notifying plaintiff of his obligation to serve the defendant pursuant to Federal Rule of Civil Procedure 4(m). Docket No. 5. Rule 4(m) requires that the plaintiff serve the defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the defendant is not timely served, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *Id.*

On March 3, 2016, Magistrate Judge Shaffer issued an Order to Show Cause [Docket No. 6] why plaintiff's case should not be dismissed for failure to prosecute given that plaintiff had not filed any proof that defendant had been served. Docket No. 6. The magistrate judge set a deadline of March 31, 2016 for plaintiff to respond. *Id.* Mr. Aziz did not respond to the order to show cause. On May 9, 2016, the magistrate judge recommended that the Court dismiss this action without prejudice due to plaintiff's failure to prosecute. Docket No. 10. After the magistrate judge's recommendation, plaintiff filed numerous letters addressed to the Court, Docket Nos. 11, 13, 14, 16, which the Court construed as objections to the magistrate judge's recommendation. Docket No. 17 at 4. On October 25, 2016, the Court accepted the magistrate judge's recommendation and denied plaintiff's objections. *Id.* On November 15, 2016, plaintiff filed a motion for reconsideration. Docket No. 20.

## II. DISCUSSION

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-

00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

A pro se litigant's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, plaintiff "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citation omitted). Plaintiff's case was dismissed for failure to comply with Rule 4(m) and to respond to court orders. Docket No. 10 at 3; Docket No. 17 at 4 (accepting the magistrate judge's recommendation).

Construing the motion for reconsideration liberally, it does not present new evidence or legal authority or demonstrate that the Court's prior order was clearly erroneous. Plaintiff's motion for reconsideration does not mention Rule 4(m). *See generally* Docket No. 20. Instead, plaintiff recounts various alleged incidents of

harassment apparently perpetrated by the Adams County Sheriffs Department. *Id.* The

Court dismissed plaintiff's case without prejudice for failure to prosecute, not because

the substance of plaintiff's allegations was defective. Docket No. 10 at 3; Docket

No. 17 at 4.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Reconsideration [Docket No. 20] is **DENIED**.


DATED April 24, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge